UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| SYMETRA LIFE INSURANCE COMPANY, | ) ) ) |  |
|---|---|---|
| Plaintiff, | ) ) |  |
| v. | ) ) | 2:18-cv-00492-JDL |
| GUY RAYMOND EMERSON, | ) ) ) |  |
| Defendant. | ) |  |

**ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This matter came before the Court on February 19, 2019, for a hearing on Plaintiff Symetra Life Insurance Company's ("Symetra") Motion for a Preliminary Injunction (ECF No. 4). Symetra requested that the Court enter a preliminary injunction based on the information it had previously submitted in support of its Motion for a Temporary Restraining Order (ECF No. 4).[1] The Defendant, Guy Raymond Emerson, appeared *pro se* and objected to the entry of a preliminary injunction. For the reasons stated below, I grant Symetra's motion for a preliminary injunction.

**I. LEGAL ANALYSIS**

"To grant a preliminary injunction, a district court must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." *Arborjet, Inc. v. Rainbow Treecare Sci.*

---
[1] Symetra requested both a temporary restraining order and a preliminary injunction in the same motion.

*Advancements, Inc.*, 794 F.3d 168, 171 (1st Cir. 2015). The same showing is required before a court may grant a temporary restraining order. *Latin Am. Music Co. v. Cardenas Fernandez & Assoc., Inc.*, 2 F. App'x 40, 42 n.2 (1st Cir. 2001). I find that the information previously submitted by Symetra, upon which Symetra relies in support of its motion, is sufficient to satisfy the four required elements for a preliminary injunction as to the claims asserted in Symetra's original complaint (ECF No. 1). As to those claims, I adopt by reference the analysis reflected in the Order Granting Plaintiff's Motion for a Temporary Restraining Order ("TRO"), dated December 4, 2018 (ECF No. 7).

After the TRO was put in place, Symetra filed its First Amended Complaint, in which Symetra added a claim for copyright infringement under 17 U.S.C.A. § 501 *et seq.* (West 2019). *Compare* ECF No. 1 at 7-9, *with* ECF No. 12 at 8-11. Therefore, Symetra must also demonstrate a likelihood of success on the merits of its copyright infringement claim and that the other three elements—the likelihood of irreparable harm, the balance of the equities, and the public interest—still weigh in favor of an injunction. The First Amended Complaint alleges that Symetra owns eight pending copyright registration applications, each of which corresponds to an image of a Symetra officer, director, or employee, and that Emerson made unauthorized copies of those copyright-protected images and published them on his imitation Symetra website. ECF No. 12 ¶¶ 11, 24, 28. With respect to the second, third, and fourth preliminary injunction elements, I conclude that the addition of the copyright infringement claim does not alter the analysis reflected in the TRO, which I adopt

here, and that those elements still weigh in favor of granting a preliminary injunction.

I turn, therefore, to Symetra's likelihood of success on the merits of its copyright infringement claim. "To prevail on a claim of copyright infringement, a plaintiff must show two elements: (1) ownership of a valid copyright and (2) copying of the protected work by the alleged infringer." *Brown v. Latin Am. Music Co.*, 498 F.3d 18, 22 (1st Cir. 2007) (quoting *Grubb v. KMS Patriots, L.P.*, 88 F.3d 1, 3, 5 (1st Cir. 1996)). As a prerequisite to bringing a civil copyright infringement suit, a plaintiff must register the copyrights. 17 U.S.C.A. § 411(a). The circuits are split on the issue of "whether the registration requirement is satisfied at the time the copyright holder's application is received by the Copyright Office (the 'application approach'), or at the time that the Office acts on the application and issues a certificate of registration (the 'registration approach')." *Alicea v. Machete Music*, 744 F.3d 773, 779 (1st Cir. 2014) (quoting *Latin Am. Music Co. Inc. v. Media Power Grp., Inc.*, 705 F.3d 34, 43 n.11 (1st Cir. 2013)). The legal question of when the registration requirement is satisfied is currently pending decision before the Supreme Court. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1339 (11th Cir. 2017), *cert. granted*, 138 S. Ct. 2707 (2018).[2]

The First Circuit has not adopted either the application or registration approach, *id.* at 1340, but the court has noted that under both approaches an "absolute limit" exists: "if the Copyright Office has failed to receive the necessary

---

[2] Either side may request reconsideration of this order, if necessary, after the Supreme Court issues its decision.

elements to issue a registration certificate prior to the time that the court is called upon to issue final judgment, the action must be dismissed." *Alicea*, 744 F.3d at 779 (quoting 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][3][c]). Here, the First Amended Complaint establishes that Symetra has surpassed that threshold by filing its copyright registration applications. The First Amended Complaint also alleges that Emerson copied multiple copyrighted images from Symetra's website onto his own imitation Symetra website. Taking into account the uncertain state of the law and the preliminary stage at which this issue arises in this case, I conclude that Symetra has a sufficient reasonable likelihood of success on the merits of its copyright infringement claim, which, in combination with the other three preliminary injunction elements, supports the issuance of a preliminary injunction in connection with Symetra's copyright infringement claim.

Accordingly, for the reasons stated above and in the Order Granting Plaintiff's Motion for a TRO (ECF No. 7), I conclude that Symetra has made the required showing to support the entry of a preliminary injunction.

## II. CONCLUSION

It is therefore **ORDERED** that Symetra's Motion for a Preliminary Injunction (ECF No. 4) is **GRANTED**. The Defendant, Guy Raymond Emerson, is **ENJOINED**, from the date of entry of this Order until further order of this Court, from:

1. using any trademark, logo, design, or source designation of any kind on or in connection with any online presence that is a copy, reproduction, colorable imitation, or simulation of, or is confusingly similar to any of Symetra's trademarks, trade dresses, or logos;

2. using any trademark, logo, design, or source designation of any kind on or in connection with any online presence that is likely to cause confusion, mistake,

deception, or public misunderstanding that such goods or services are sponsored or authorized by Symetra, or are in any way connected or related to Symetra;

3. any publication of any personally identifiable information pertaining to the children or family members of any Symetra employee, agent, officer, or director;

4. creating or maintaining a website using any of Symetra's trademarks, or any part of those trademarks, in the website domain name;

5. making any unauthorized copies of any copyrighted images of any Symetra employees, officers, directors, attorneys, or agents, or any family members of theirs; and

6. copying, publicly displaying, or distributing any unauthorized reproduction of any copyrighted material owned or publicly displayed by Symetra.

**SO ORDERED.**

**Dated this 27th day of February, 2019.**

                                                **/s/ JON D. LEVY**
                                      **CHIEF U.S. DISTRICT JUDGE**